IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 25-cv-01283-PAB-KAS

EVERLAKE LIFE INSURANCE COMPANY,

     Plaintiff,

v.

TIFFANY ANN WEBB,
JOAN RHODES MCHUGH, and
ESTATE OF JEFFREY EDWARD WEBB,

     Defendants.

---

**ORDER**

---

This matter comes before the Court on Defendant Tiffany Ann Webb's and the

Estate of Jeffrey Edward Webb's Motion for Summary Judgment [Docket No. 24] and

the Request for Hearing on the Motion for Summary Judgment [Docket No. 54]. Plaintiff

Everlake Insurance Company and defendant Joan Rhodes McHugh filed responses.

Docket Nos. 33, 34. Ms. Webb and the Estate of Jeffrey Edward Webb filed a reply.

Docket No. 39.

## I. ANALYSIS

Plaintiff Everlake Insurance Company ("Everlake") filed this statutory interpleader

action to determine the proper beneficiary of Jeffrey Webb's life insurance policy.

Docket No. 1 at 1-2, ¶¶ 2-5. Everlake seeks, among other things, to interplead

defendants to litigate between themselves their rights or claims to the policy proceeds.

*Id.* at 2, ¶ 5. Defendant Tiffany Webb is the widow of Mr. Webb and defendant Joan

McHugh is the ex-wife of Mr. Webb. *Id.*, ¶¶ 8-9. Ms. Webb and the Estate of Jeffrey

Edward Webb ("Ms. Webb") filed a motion for summary judgment in lieu of an answer, before there has been any opportunity for discovery. Docket No. 24 at 1 n.1; Docket No. 35 at 1, ¶ 5.

In the undisputed facts section of her motion for summary judgment, Ms. Webb asserts that Mr. Webb provided David Okes, an insurance agent, with a change of beneficiary form, naming Ms. Webb as the sole beneficiary under the policy. Docket No. 24 at 3, ¶¶ 5-7. Thus, Ms. Webb argues that she is the proper beneficiary. *Id.* at 5-6. Alternatively, Ms. Webb claims that Ms. McHugh was revoked as a beneficiary upon her divorce from Mr. Webb pursuant to Colo. Rev. Stat. § 15-11-804(2)(a)(i). *Id.* at 6. Ms. Webb maintains that, if Ms. McHugh was revoked as a beneficiary, the policy indicates that Mr. Webb's Estate becomes the beneficiary. *Id.* at 6-7.

Ms. McHugh disputes all but four of Ms. Webb's proffered facts. Docket No. 34 at 3-5. In disputing Ms. Webb's facts, Ms. McHugh argues that discovery is required in order for her determine whether Ms. Webb's facts are truly undisputed. *Id.* Accordingly, Ms. McHugh argues that the Court should deny or stay the motion for summary judgment pursuant to Fed. R. Civ. P. 56(d). *Id.* at 5-6.

Rule 56(d) allows a court to deny or stay a summary judgment motion in order to permit further discovery if the nonmovant states by affidavit that she lacks facts necessary to oppose the motion. *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). To succeed on a Rule 56(d) motion, "the movant must submit an affidavit (1) identifying the probable facts that are unavailable, (2) stating why these facts cannot be presented without additional time, (3) identifying past steps to obtain evidence of these facts, and (4) stating how additional time would allow for rebuttal of

2

the adversary's argument for summary judgment." *See Cerveny v. Aventis, Inc.*, 855
F.3d 1091, 1110 (10th Cir. 2017) (citation omitted).  "Requests for further discovery
should ordinarily be treated liberally." *Id.* (citing *Comm. for First Amendment v.
Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).  "Summary judgment should be
refused where the nonmoving party has not had the opportunity to discover information
that is essential to [her] opposition." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
242, 250 n.5 (1986) (alterations omitted)).

Ms. McHugh has submitted a declaration[1] identifying facts which are unavailable
without discovery.  Docket No. 35.  Ms. McHugh believes that discovery will show that
Mr. Webb did not request that Mr. Okes change his beneficiary to Ms. Webb, *id.* at 2,
¶ 6; Mr. Okes was not an agent for Everlake during the relevant period of time, *id.*; and
the signature on the change of beneficiary form and the signature on Mr. Webb's will is
not Mr. Webb's signature.  *Id.*  Thus, the Court finds that she has satisfied the first
factor, sufficiently identifying facts which are currently unavailable.

Ms. McHugh states that "this case is in its infancy and, to date, there has been
no opportunity whatsoever for investigation or discovery." *Id.* at 1, ¶ 5.  The Court finds
that this satisfies the second factor.  While Ms. McHugh does not explain what steps
she has taken to obtain evidence of these facts, given the nature of the information, it is
not clear what mechanism or means she had to learn of this information other than
through formal discovery.  Recognizing this, "courts often deny motions for summary

---

[1] Ms. McHugh improperly labels her declaration as an affidavit.  *See* Docket No.
35 at 1.  Her declaration is made under penalty of perjury.  *Id.* at 2.  A declaration made
under penalty of perjury has the same force and effect as an affidavit.  28 U.S.C.
§ 1746.  Thus, although not an affidavit, Ms. McHugh's declaration can satisfy the
requirements of Rule 56(d).

judgment . . . as premature when no discovery has been conducted." *Flemings v. Sims*, No. 17-cv-01827-WJM-STV, 2017 WL 8294286, at *3 (D. Colo. Dec. 5, 2017) (collecting cases). Therefore, the Court finds that Ms. McHugh satisfies the third factor. Finally, additional time would allow Ms. McHugh to conduct discovery as to whether Mr. Webb requested that Mr. Okes change his beneficiary to Ms. Webb. If Ms. McHugh finds out that Mr. Webb never requested to change his beneficiary to Ms. Webb, this would rebut Ms. Webb's argument that she was the proper beneficiary under the policy. Ms. McHugh does not explicitly state this in her declaration; however, it is evident from her declaration that the proposed discovery would allow for possible rebuttal of Ms. Webb's argument for summary judgment. Thus, the Court finds that Ms. McHugh has satisfied the fourth factor.

Ms. Webb argues that "[i]t cannot be reasonably disputed that Mr. Okes received the change of beneficiary form." Docket No. 39 at 7. This misses the point. Ms. McHugh claims that she is not able to dispute the majority of Ms. Webb's proffered facts without the opportunity to conduct discovery and determine whether there is conflicting information which rebuts Ms. Webb's claims. The Court finds that Ms. McHugh has satisfied the requirements of Rule 56(d). Thus, the Court will deny the motion for summary judgment without prejudice pursuant to Rule 56(d) to give Ms. McHugh the opportunity to conduct discovery.

Ms. Webb argues that none of the facts Ms. McHugh identified in her declaration are relevant to the issue of whether Ms. McHugh's status as beneficiary was revoked following her divorce from Mr. Webb. *Id.* at 1. Ms. Webb argues that, "[b]ecause Ms.

4

McHugh's beneficiary status was revoked by operation of Colorado law, she lacks standing to otherwise challenge the life insurance policy." *Id.* at 2.

At this stage of the proceedings, the Court is unable to properly analyze whether Ms. McHugh's beneficiary status was revoked as a matter of law. Colo. Rev. Stat. § 15-11-804(2)(a)(i) states that, "[e]xcept as provided by the express terms of a governing instrument, a court order, or a contract relating to the division of the marital estate made between the divorced individuals before or after the marriage, divorce, or annulment, the divorce or annulment of a marriage: (a) Revokes any revocable (i) disposition or appointment of property made by a divorced individual to the divorced individual's former spouse." This statute applies to life insurance policies. *In re Est. of Becker*, 32 P.3d 557, 562 (Colo. App. 2000). Ms. Webb states that, according to the policy, if she were no longer the beneficiary, the policy's proceeds would go to Mr. Webb's Estate. Docket No. 24 at 6-7.

Ms. McHugh, however, argues that Ms. Webb has not been appointed as the Personal Representative of the Estate. Docket No. 34 at 6. Ms. McHugh asserts that the fact Mr. Webb's will names Ms. Webb as the Personal Representative is inapposite because Ms. Webb might have forged the signature on the will. *Id.* at 6-7. Thus, even if the proceeds reverted to Mr. Webb's Estate, it would not resolve whether Ms. Webb or Ms. McHugh were entitled to them. This is another reason why summary judgment is inappropriate at this stage of the proceedings.[2]

---

[2] Ms. Webb filed a motion requesting a hearing on the motion for summary judgment. Docket No. 54. The Court believes it can resolve the motion without the need for oral argument.

## II.  CONCLUSION

Therefore, it is

**ORDERED** that Defendant Tiffany Ann Webb's and the Estate of Jeffrey Edward

Webb's Motion for Summary Judgment [Docket No. 24] is **DENIED without prejudice**.

It is further

**ORDERED** that the Request for Hearing on the Motion for Summary Judgment

[Docket No. 54] is **DENIED as moot**.

DATED March 24, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge